Derbigny. J.
delivered the opinion of thg court. The defendant is the endorser of a note °* eig'ht hundred dollars subscribed by the late Desbois to his order. The note being: protested e> 1 “ for non payment, the Louisiana State bank., in whose possession it is moved for a judgment and ord r of seizure against the endorser^ con-formably to the sixth section of the act of March 13, 1818, but omitted giving or causing to be given the adverse party any notice of this pro,» ceeding. The endorser moved to have the judgment and order of seizure set aside, on the ground that this mode of proceeding was a violation of the 2nd section of the 4th article of our constitution, his motion being overruled, he appealed.
Thp summary manner of proceeding, by motion in cases like the present, has its origin in the Spanish law. The via executivaf or executive inode of proceeding, extended to all cases where the debtor was considered as having confessed judgment. One of them, indeed was the case of a private obligation in writing ; but before such written obligation could give to the creditor the right of proceeding to execution, he was bount| *725 first call his debtor before the judge to recognize his signature, No other proof than the confession of the party himself gave the creditor a 1 J Kl right to this extraordinary remedy; even the oath of the subscribing witness was deemed insufficient. If the party denied the signature to be his, the suit was then conducted in the ordinary way : if he acknowledged it, the execution went on. In this manner of proceeding, it is obvious that calling the party to admit or deny his signature was sufficient warning of the creditor’s claim, independently of which he was entitled to other notice before his property was exposed for sale; so that, in the via executiva, he had as full notice of what was going on, as in the ordinary mode of proceeding.
Under our present practice, some of the rules observed in the Spanish tribunals have necessarily been abandoned as incompatible with our judiciary system, and others have been preserved and sometimes revived, from which state of things, some difficulty must inevitably now and then have arisen. In this instance the act, under which the present action has been instituted, seems to have been intended as a re-establish, ynent, in favor of the banks, of the Spanish. Summary mode of proceeding in cases of pro. jnissory notes, and other like obligations, but as jt does not require the subscriber to be called up *726 on *° recognize his signature, it becomes indispensable that he should have notice of the demand in some other way. It is contended by the appellant that this ex-parte proceeding is contrary to the 2nd section of the 4th article of the constitution which secures a right of appeal in all civil cases where the matter in dispute exceeds three hundred dollars, because having had no opportunity to defend himself, he would have nothing to lay before the court of appeals That is certainly true, but without resorting to this consequence of a departure from the first principles of natural law he might have invoked those principles themselves, which, under a free government need not the sanction of legislative acts to be respected as eternal truths.
'Duncan for the plaintiff, the defendant inpro. pria persona
It is therefore ordered, adjudged and decreed, that the judgment of the district court be reversed, and that this case be remanded with instructions to the judge not to proceed in it, until he shall have made the appellant a party defendant in this suit; and it is further ordered that the costs of this appeal be paid by the appellees.